# IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| WAYNE WILLIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 09-cv-273-JPG |
| | ) | |
| ADRIAN FEINERMAN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Wayne Willis, an inmate at the Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983.  In this action, Willis seeks monetary damages and injunctive relief for deliberate indifference to his medical needs.  This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.  An action or claim is frivolous if "it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on

its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

## THE COMPLAINT

In April 2008, Willis alleges he lost two fillings from two teeth.  The loss of the fillings caused severe pain.  Willis put in a medical request and was seen by Defendant Chapman. Chapman informed him that there was a two to three year wait for fillings because there was not enough dentists to serve the prisoners.  Willis wrote a grievance and was seen by Chapman again several weeks later.  Chapman offered to pull the affected teeth.  Willis refused, and Chapman asked him to sign a refuse treatment form.  Willis acknowledge that he refused to have his teeth pulled.  Willis wants his teeth filled.  He claims he has been in pain since he lost his fillings, that he can no longer chew his food properly and that his teeth are continuing to deteriorate.

The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment.  *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994).  This encompasses a broader range of conduct than intentional denial of necessary medical treatment, but it stops short of "negligen[ce] in diagnosing or treating a medical condition."  *Estelle,* 429 U.S. at 106.  *See also Jones v. Simek*, 193 F.3d 485, 489 (7th Cir. 1999); *Steele v. Choi*, 82 F.3d 175, 178 (7th Cir. 1996), *cert. denied,* 519 U.S. 897 (1996).

> A deliberate indifference claim requires both an objectively serious risk of harm and a subjectively culpable state of mind.  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005).  A deliberate indifference claim premised upon inadequate medical treatment requires, to satisfy the objective element, a medical condition "that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention."  *Greeno*, 414 F.3d at 653.  The subjective component of a deliberate indifference claim requires that the prison official knew of "a

> substantial risk of harm to the inmate and disregarded the risk." *Id.*;
> *Farmer*, 511 U.S. at 834. Mere medical malpractice or a
> disagreement with a doctor's medical judgment is not deliberate
> indifference. *Estelle v. Gamble*, 429 U.S. 97, 107 (1976); *Greeno*,
> 414 F.3d at 653; *Estate of Cole by Pardue v. Fromm*, 94 F.3d 254,
> 261 (7th Cir. 1996). Still, a plaintiff's receipt of some medical care
> does not automatically defeat a claim of deliberate indifference if a
> fact finder could infer the treatment was "so blatantly inappropriate
> as to evidence intentional mistreatment likely to seriously aggravate"
> a medical condition. *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir.
> 1996) (citation omitted).

*Edwards v. Snyder*, 478 F.3d 827, 830-31 (7th Cir. 2007). Furthermore, medical indifference claims

involving necessary dental care are given special importance by federal courts.

> Other circuits have held that adequate dental care constitutes a
> serious medical need. *See, e.g., Chance v. Armstrong*, 143 F.3d 698,
> 702-03 (2nd Cir. 1998) (reversing dismissal of complaint where
> inmate's allegations that he suffered from extreme pain, deteriorating
> teeth, and difficulty with eating, when prison dentists would not fill
> his cavities, were sufficient to support a serious medical need); *Hunt
> v. Dental Dept.*, 865 F.2d 198, 200-201 (9th Cir. 1989) (reversing
> grant of summary judgment for defendants, where inmate denied of
> his replacement dentures, suffered from breaking teeth, bleeding and
> infected gums, pain, and weight loss due to an inability to eat,
> demonstrated a serious dental condition); *Boyd v. Knox*, 47 F.3d 966,
> 969 (8th Cir. 1995) (holding that a three week delay in sending dental
> care referral, with knowledge of inmate's swollen and infected mouth
> and suffering, could support a finding of an Eighth Amendment
> violation).

*Manney v. Monroe*, 151 F.Supp.2d 976 , 990 (N.D. Ill. 2001).

Based on this standard, the Court is unable to dismiss the claims against Chapman at this

time.

Willis also lists Adrien Feinerman, Warden Hulick and Roger Walker as defendants in the

caption of his complaint, but he makes no claims against any of them. The reason that plaintiffs,

even those proceeding pro se, for whom the Court is required to liberally construe their complaints,

*see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), are required to associate specific defendants with specific claims is so these defendants are put on notice of the claims brought against them and so they can properly answer the complaint.  *See Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003) (a "short and plain" statement of the claim suffices under Fed. R. Civ. P. 8 if it notifies the defendant of the principal events upon which the claims are based); *Brokaw v. Mercer County*, 235 F.3d 1000, 1024 (7th Cir. 2000) ("notice pleading requires the plaintiff to allege just enough to put the defendant on notice of facts providing a right to recovery").  Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual.  *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.").  Therefore, these Defendants will be dismissed from this action with prejudice.

### PENDING MOTIONS

Willis first requests that the Court appoint him counsel (Doc. 3).  There is no absolute right to appointment of counsel in a civil case.  *Cook v. Bounds*, 518 F.2d 779 (4th Cir. 1975); *Peterson v. Nadler*, 452 F.2d 754 (8th Cir. 1971).  When presented with a request to appoint counsel, the Court must make the following inquiries: "(1) has the ... plaintiff made a reasonable attempt to obtain counsel or effectively been precluded from doing so and (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself."  *Pruitt v. Mote*, 503 F.3d 647, 854-55 (7th Cir. 2007).  With regard to the first step of the inquiry, there is no indication at all whether Willis has attempted to obtain counsel or been effectively precluded from doing so.  Therefore, his motion for the appointment of counsel is **DENIED**, without prejudice.

Willis has also filed a motion to release a copy of his grievances (Doc. 4).  Essentially this

is a motion to compel discovery, but such a motion is premature, *see* FED.R.CIV.P. 34, 37; it is therefore **DENIED** without prejudice.

### DISPOSITION

  **IT IS HEREBY ORDERED** that Defendants **FEINERMAN, HULICK** and **WALKER** be dismissed with prejudice. Plaintiff is advised that, within the Seventh Circuit, dismissal of these defendants counts as a strike for purposes of § 1915(g). *See George v. Smith,* 507 F.3d 605, 607-08 (7th Cir. 2007); *Boriboune v. Berge,* 391 F.3d 852, 855 (7th Cir. 2004).

  The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendant **CHAPMAN**. The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

  The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendant **CHAPMAN** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure.  Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order.  For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

  With respect to former employees of Illinois Department of Corrections who no longer can be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal.

Address information obtained from I.D.O.C. pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received.  If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant.  Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required.  Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court.  He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel.  Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the

6

complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is **ADVISED** of his continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts during the pendency of this action.  This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.  Failure to provide such notice may result in dismissal of this action.  *See* FED.R.CIV.P. 41(b).

**IT IS SO ORDERED.**

**Dated: December 10, 2009.**

  **s/ J. Phil Gilbert**
  **U. S. District Judge**