IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WAYNE WILLIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 09-273-JPG-CJP |
| DENTIST CHAPMAN, | ) |
| | ) |
| Defendant. | ) |

## REPORT and RECOMMENDATION

This Report and Recommendation is respectfully submitted to District Judge J. Phil Gilbert pursuant to 28 U.S.C. §§636(b)(1)(B) and (C).

Before the court is Defendant Nathan Chapman's Motion for Summary Judgment. **(Doc. 31)**. The motion is supported by defendant's affidavit, which incorporates some of plaintiff's dental records. Defendant served upon plaintiff the notice required by ***Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982)**. See, **Doc. 32.** Plaintiff filed a response at **Doc. 36**.

## Nature of Plaintiff's Claims

Plaintiff Wayne Willis is an inmate in the custody of the Illinois Department of Corrections. He filed suit under 42 U.S.C. §1983, alleging that his Eighth Amendment rights were violated by defendants' deliberate indifference to his serious medical needs. Defendant Chapman is a dentist who treated inmates at Menard Correctional Center at the relevant time. Plaintiff alleges that, in early April, 2008, he lost the fillings from two teeth, which caused him pain. He saw Dr. Chapman, who allegedly refused to fill the teeth and told plaintiff that there were not enough dentists working at Menard and that it would be more than three years before he could get fillings. Although plaintiff was seen by Chapman several more times, Chapman refused to treat him and refused to give him pain medication. See, Doc. 1, pp. 5-6.

1

### Standard for Summary Judgment

Summary judgment is appropriate under **Fed.R.Civ.P. 56** where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." **Fed.R.Civ.P. 56(c); see** *Celotex Corp. v. Catrett*, **106 S.Ct. 2548, 2552 (1986).** The evidence is construed in the light most favorable to the non-moving party and all justifiable inferences are drawn in favor of that party. **See,** *Anderson v. Liberty Lobby, Inc.*, **106 S.Ct. 2505, 2513-14 (1986).** However, once the moving party has produced evidence to show that he or she is entitled to summary judgment, the non-moving party must affirmatively demonstrate that a genuine issue of material fact remains for trial. *Johnson v. City of Fort Wayne*, **91 F.3d 922, 931 (7th Cir. 1996)**

In responding to a summary judgment motion, the non-moving party may not simply reiterate the allegations contained in the pleadings; more substantial evidence must be presented at this stage. "Summary judgment proceedings provide the 'put up or shut up' moment in litigation." *Everroad v. Scott Truck Systems, Inc.*, **604 F.3d 471, 476 (7th Cir. 2010).** Moreover, a genuine issue of material fact is not shown by the mere existence of "some alleged factual dispute between the parties," *Anderson*, **477 U.S. at 247**, or by "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, **475 U.S. 574, 586 (1986).** Rather, a genuine issue of material fact exists only if "a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Anderson*, **106 S.Ct. at 2512.** Thus, only disputes as to facts that might affect the outcome of the suit in light of the substantive law are sufficient to defeat summary judgment. Disputes as to irrelevant or unnecessary facts do not preclude summary judgment. *Clifton v. Schafer*, **969 F.2d 278, 281 (7th Cir. 1992).**

Plaintiff is a *pro se* inmate, and his pleadings must be liberally construed.  **Duncan v. Duckworth, 644 F.2d 653, 655 (7th Cir. 1981).**

### Deliberate Indifference to Serious Medical Needs

The Eighth Amendment prohibits "deliberate indifference to serious medical needs." ***Oliver v. Deen*, 77 F.3d 156, 159 (7th Cir.1996)** (quoting ***Estelle v. Gamble*, 429 U.S. 97, 97 St. Ct. 285 (1976)**).  Unnecessary pain and suffering, <u>if sufficiently serious</u>, may implicate the Eighth Amendment.  **See, *Estelle*, 97 S. Ct. at 290.**  In order to prevail on his constitutional claim, plaintiff must show that the failure to treat was due to a prison official's deliberate indifference to his serious medical needs.  Plaintiff must satisfy the two-part test enunciated in ***Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970 (1994).**  The test has an objective and a subjective component.  That is, plaintiff must show (1) his condition was objectively serious, and (2) the defendant acted with deliberate indifference, which is a subjective standard.  ***Reed v. McBride*, 178 F. 3d 849, 852 (7th Cir. 1999).**

A condition is objectively serious if "failure to treat [it] could result in further significant injury or unnecessary and wanton infliction of pain."  ***Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir.1997)**.

It is well settled that negligence or medical malpractice will not create liability under **42 U.S.C. § 1983**.  **See, *Estelle*, 97 S. Ct. at 292; *Wood v. Woracheck*, 618 F.2d 1225 (7th Cir. 1980)**.  Likewise, the provision of a course of treatment other than that preferred by the inmate will not create liability.  ***Estelle*, 97 S. Ct. at 293; *Burns v. Head Jailor*, 576 F. Supp. 618 (N.D. Ill. 1984).**  An inmate has no right to a particular course of treatment of his choosing.  ***Meriweather v. Faulkner*, 821 F.2d 408, 413 (7th Cir. 1987).**

### Analysis

Defendant argues that he is entitled to summary judgment because the record establishes only a disagreement about the appropriate course of treatment. Defendant is correct regarding the applicable law. Plaintiff cannot make a constitutional claim where the record establishes only a disagreement about the appropriate course of treatment. "[T]he Constitution is not a medical code that mandates specific medical treatment." **Snipes v. DeTella**, **95 F.3d 586, 592 (7th Cir. 1996)**. Tate does not have a right to receive a particular course of treatment of his choosing. **Meriweather v. Faulkner, 821 F.2d 408, 413 (7th Cir. 1987).** The Eighth Amendment requires that the prison provide "adequate, minimum-level medical care." **Johnson v. Doughty, 433 F.3d 1001, 1013 (7th Cir. 2006)**.

Notably, defendant does not dispute that plaintiff had a serious medical need. The Seventh Circuit has recognized that tooth decay and resulting serious pain can constitute an objectively serious medical condition. **Berry v. Peterman, 604 F.3d 435, 440 (7th Cir. 2010)**.

Plaintiff's response to the motion establishes that there are disputes as to the material facts which preclude summary judgment.

**1.      Defendant's Version of Facts**

Dr. Chapman's affidavit describes dental treatment received by plaintiff following his arrival at Menard Correctional Center in January, 2008. **Doc. 31**, Ex. 1, ¶10. Upon his arrival, he had "gross caries" on teeth numbers 4 and 5, which required extraction. He also had "deep caries" on teeth numbers 12 and 14. Ex. 1, ¶9.

Teeth numbers 4 and 5 were extracted on May 6, 2008. Ex. 1, 24. According to plaintiff's response, his complaint does not involve those teeth. **Doc. 36, p. 5.** This case concerns only teeth numbers 12 and 14.

According to Dr. Chapman, he first saw plaintiff on April 1, 2008. He states in his affidavit that, on that date, he placed temporary fillings in teeth numbers 12 and 14 using Ketac.

4

He explains that "Ketac is a glass ionomer cement which can be used a dental restorative material." Ex. 1, ¶17. He goes on to explain that Ketac fillings are not as durable as amalgam, and are mostly used as temporary fillings. They can last "as longs as two years or more." *Id*.

Dr. Chapman acknowledges that he told Willis on April 1, 2008, that there was a long waiting list for "permanent" amalgam fillings due to the fact that there were 3,600 inmates at Menard and only one full-time dentist. Ex. 1, ¶18.

According to Dr. Chapman, he provided plaintiff with Tylenol 325 for pain on April 1, 2008. That fact is also stated in the dental records. Ex. 1, ¶¶18, 19.

He next saw plaintiff on May 20, 2008. (In the interim, another dentist extracted teeth numbers 4 and 5. Ex. 1, ¶24). Dr. Chapman states that plaintiff complained of "throbbing pain to pressure and cold." Defendant states that the "ketac fillings were still intact in teeth #12 and #14." Ex. 1, ¶27. He recommended that the teeth be pulled "if the pain was as severe as [Willis] stated." Dr. Chapman says that he "issued Mr. Willis Tylenol 325 milligrams, #30 tabs, for his complaints of pain." Ex. 1, ¶27.

Plaintiff was last seen by Dr. Chapman on June 3, 2008, for the scheduled extraction of teeth numbers 12 and 14. According to Dr. Chapman, "Willis denied any pain," refused to have the teeth pulled, and elected to remain on the waiting list for amalgam fillings. Further, Willis did not submit any more "dental requests complaining of pain." Ex. 1, ¶29.

On October 28, 2009, another dentist, Dr. Overall, replaced the ketac filling in tooth number12, as it had come out. Ex. 1, ¶31. Amalgam fillings were placed in teeth numbers 12 and 14 by Dr. Overall on December 11, 2009. Ex. 1, ¶33.

**2.     Plaintiff's Version of Facts**

Plaintiff's affidavit is attached to his response, **Doc. 36**, Ex. 1. He disputes defendant's version of the facts in two respects. He says that the ketac fillings fell out in May, 2008, and

5

were not replaced, causing him great pain, and he denies ever receiving pain medication from Dr. Chapman.

According to plaintiff's affidavit, he was called to see Dr. Chapman on April 1, 2008. Dr. Chapman told him that he would have to wait for over two years to receive permanent fillings. Plaintiff explained to Dr. Chapman that he had temporary fillings in the past, they did not work for him, and he believed that teeth numbers 4 and 5 had to be pulled as a result of having temporary fillings. However, Chapman gave him the temporary fillings. He further states that he asked for pain medication, and Dr. Chapman said he would send pain pills to the cell house, but plaintiff never received them. Ex. 1, pp. 1-2.

Plaintiff then wrote two grievances in May, 2008, in which he complained that the fillings had come out of his teeth and that he was in extreme pain. Ex. 1, p. 2. One of the grievances is attached to **Doc. 36** as Ex. 2.

On May 20, 2008, even though he had not put in for a dental pass, plaintiff was called to see Dr. Chapman. According to plaintiff, he told Chapman that the "temps" had come off his teeth and that he was in pain, but Chapman said there was nothing he could do. **Doc. 36**, Ex. 1, pp. 2-3. This of course conflicts with Dr. Chapman's statement that, on this date, "ketac fillings were still intact in teeth #12 and #14." **Doc. 31**, Ex. 1, ¶27.

Lastly, plaintiff states that he was "never given any pain medications." Ex. 1, p. 3.

**3.** **Discussion**

In deciding a motion for summary judgment, the court "do[es] not judge the credibility of the witnesses, evaluate the weight of the evidence, or determine the truth of the matter. The only question is whether there is a genuine issue of fact." ***Gonzalez v. City of Elgin,* 578 F.3d 526, 529 (7th Cir. 2009).**

Here, plaintiff's affidavit, bolstered by the statements in his grievance, suggest that the

6

temporary fillings came out of his teeth in May, 2008. He says that he told this to Dr. Chapman, but Chapman did nothing for him. According to Chapman, however, the fillings remained in the teeth. Further, although Chapman (and the dental records) state that pain medication was given to plaintiff, plaintiff denies receiving same. It may be that no medication was prescribed, or that plaintiff does not consider Tylenol to be pain medication, or that Chapman wrote the prescription but the medication was never given to plaintiff. However, the Court cannot resolve these conflicts in the evidence on summary judgment.

## Recommendation

Because the record demonstrates that there are genuine issues as to the material facts, this Court recommends that Defendant Nathan Chapman's Motion for Summary Judgment **(Doc. 31)** be **DENIED**.

**Objections to this Report and Recommendation must be filed on or before November 22, 2010**

**Submitted: November 5, 2010.**


                                        **s/ Clifford J. Proud**
                                        **CLIFFORD J. PROUD**
                                        **UNITED STATES MAGISTRATE JUDGE**