UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

WAYNE WILLIS,

    Plaintiff,

v.

DENTIST CHAPMAN,

    Defendant.

Case No. 09-cv-273-JPG-PMF

### MEMORANDUM AND ORDER

This matter comes before the Court on Magistrate Judge Clifford J. Proud's[1] Report and Recommendation ("R & R") (Doc. 37) of November 5, 2010, which recommends the Court deny Defendant Dentist Chapman's ("Dr. Chapman") Motion for Summary Judgment (Doc. 31). Dr. Chapman filed an Objection (Doc. 40) thereto, to which Plaintiff Wayne Willis ("Willis") filed a Response (Doc. 41) that essentially deferred to the findings of the R & R.

For the following reasons, the Court **ADOPTS** the R & R.

### STANDARD OF REVIEW

After reviewing a report and recommendation, the Court may accept, reject, or modify, in whole or in part, the findings or recommendations of the magistrate judge in the report. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. *Id*. The Court has discretion to conduct a new hearing and may consider the record before the magistrate judge anew or receive any further evidence deemed

---

[1] This case has since been reassigned to Magistrate Judge Philip M. Frazier.

necessary. *Id*. "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

The Court has reviewed the unobjected portions of the R & R for clear error and does not find them to be clearly erroneous; thus, they shall be adopted accordingly. Meanwhile, Dr. Chapman objects to the R & R insofar as it finds Willis' Declaration (Doc. 36-1) conflicts with Dr. Chapman's Affidavit (Doc. 31-1) and creates the following two genuine issues of material fact: 1) whether Willis lost temporary tooth fillings prior to meeting with Dr. Chapman on May 20, 2008; and 2) whether Dr. Chapman properly prescribed medication to combat Willis' tooth pain on April 1 and May 20, 2008. Pursuant to Federal Rule of Civil Procedure 72(b)(3), the Court reviews these findings *de novo*.

## BACKGROUND

When Willis first met Dr. Chapman on April 1, 2008, the dentist placed temporary fillings in tooth numbers 12 and 14 using Ketac, "a glass ionomer cement which can be used as a [temporary] dental restorative material." Doc. 31-1, p. 4, ¶ 17. That same day, Dr. Chapman avers he "provided [Willis] with antibiotics to treat the abscess teeth and pain pills (pen VK500 milligram#30 tabs and Tylenol 325 milligrams#30 tabs) . . . ." *Id*. at ¶ 18. This averment is supported by an entry in the dental records dated April 1. While Willis concedes that Dr. Chapman agreed to send the pain medication to his cell house, he never received it.

Little more than a month after placement of the Ketac fillings, Willis began to experience throbbing pain in response to pressure and cold. Convinced the fillings had

2

"come off" and that his "two teeth need[ed] to be filled," Willis filed a formal grievance against Dr. Chapman on May 7. Doc. 36-2, p. 1.

Willis next met with Dr. Chapman on May 20 and explained to the dentist "that [his] teeth need[ed] filling[,] that the temps ha[d] come off [his] teeth[,] and that [he was] still in pain." Doc. 36-1, p. 2. Upon examination, Dr. Chapman noted the presence of deep caries on tooth numbers 12 and 14 "but the ketac fillings were still intact[.]" Doc. 31-1, p. 6, ¶ 27. He thereafter issued Tylenol to alleviate the complaints of pain, which Willis never received. A dental record dated May 20 substantiates Dr. Chapman's observation of deep caries and the issuance of Tylenol; however, it does not mention the presence or absence of Ketac in tooth numbers 12 and 14.

## ANALYSIS

### I. Summary Judgment Standard

Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000). In responding to a summary judgment motion, the nonmoving party may not simply rest upon the allegations contained in the pleadings but must typically present specific facts supported by the record to show that a genuine issue of material fact exists. *See* Fed. R. Civ. P. 56(c)(1)(A); *Celotex*, 477 U.S. at 322-26; *Johnson v. City of Fort Wayne*, 91 F.3d 922, 931 (7th Cir. 1996). A genuine issue of material fact is not demonstrated by the mere existence of "some alleged factual dispute between the parties," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986), or by "some metaphysical doubt as to the material facts."

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists only if "a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Anderson,* 477 U.S. at 252.

## II. Temporary Fillings

Dr. Chapman's motion for summary judgment presents the Court with a classic battle of the sworn statements. First, Dr. Chapman argues no conflict exists between his averment that the Ketac fillings were intact as of May 20, 2008, and Willis' sworn statement that they had fallen out by that date. Dr. Chapman touts his training and experience as a dentist to support the proposition that Willis was simply mistaken in his belief that the fillings had come out.

Willis may very well have been mistaken about the temporary fillings, but such a conclusion requires the Court to make a credibility finding that it cannot and will not make at the summary judgment phase of litigation. *Gonzales v. City of Elgin*, 578 F.3d 526, 529 (7th Cir. 2009) ("We do not judge the credibility of the witnesses, evaluate the weight of the evidence, or determine the truth of the matter. The only question is whether there is a genuine issue of fact."). The fact of the matter is that Willis' grievance and declaration *directly* conflict with Dr. Chapman's affidavit and the May 20 dental record. While a jury may believe the words of a dentist over those of his patient, this is not something the Court gets to decide.

Dr. Chapman maintains that Willis' conclusory statements need not be accepted as true due to their speculative nature. The Court disagrees. Willis has experienced dental problems for years, and he was not new to temporary fillings when Dr. Chapman placed the

4

Ketac on April 1. It is not a stretch of the imagination to believe Willis' past experiences with temporary dental fillings allowed him to know when such fillings became loose or "came off," especially when one considers the severe pain to pressure and cold that Willis experienced beginning in early May. Interestingly enough, Dr. Chapman's own affidavit references an appointment Willis had with Dr. Overall, a dentist, on October 28, 2009. At said appointment, Willis reported the Ketac filling had come out of tooth number 12, and Dr. Overall *actually replaced* the filling. Moreover, it is possible one can identify a missing filling simply by feeling the area with his finger or tongue, which Willis obviously could have done.[2] There has not been testimony on this topic, and the Court must defer to the non-movant at summary judgment. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000) (In analyzing a motion for summary judgment, the reviewing court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party.).

Put simply, the Court finds that a genuine issue of material fact exists as to whether Willis lost temporary tooth fillings on tooth numbers 12 and 14 before meeting with Dr. Chapman on May 20, 2008.

## III. Pain Medication

Next, Dr. Chapman denies responsibility for Willis not receiving pain medication

---

[2]Dr. Chapman emphasizes the lack of evidence as to whether Willis was able to sufficiently observe the inside of his mouth and whether Willis would even know what to look for inside his mouth in order to identify a missing filling. Dr. Chapman, however, does not state that being able to look at one's own mouth is the *only* way in which to identify a missing filling. As aforementioned, there were plenty of other factors that could have indicated to Willis that his fillings fell out in early May.

because the doctor prescribed, and presumably ordered, medication on April 1 and May 20, 2008.  In light of the fact that 42 U.S.C. § 1983 does not recognize a doctrine of superiors or vicarious liability, *Duckworth v. Franzen*, 780 F.2d 645, 650 (7th Cir. 1985), *abrogated on other grounds by Farmer v. Brennan*, 511 U.S. 825 (1994), Dr. Chapman touts the lack of evidence that he was personally responsible for Willis not receiving medication.

Here, the parties' sworn statements do not directly conflict; in fact, Willis concedes that Dr. Chapman "stated he would send [the pain medication] to the cell house."  Doc. 36-1, p. 2.  That said, at the summary judgment phase, the most important consideration is that Willis never received any pain medication despite being believably assured he would receive it.  The Court does not know enough about the procedure governing dispensation of medication at Menard Correctional Center to determine whether Willis is pursuing his claim under an impermissible theory of superior liability.  For example, bearing in mind the general deference to the non-movant at summary judgment, it is reasonable for the Court to believe Dr. Chapman may have put a stop-order on the Tylenol or otherwise inhibited its dispensation.  Indeed, as the R & R makes clear, "[i]t may be . . . that plaintiff does not consider Tylenol to be pain medication, or that Chapman wrote the prescription but the medication was never given to plaintiff.  However, the Court cannot resolve these conflicts in the evidence on summary judgment."  Doc. 37, p. 7.

The Court finds there is a genuine issue of material fact as to whether Dr. Chapman properly prescribed medication to combat Willis' tooth pain on April 1 and May 20, 2008.

## CONCLUSION

For the foregoing reasons, the Court **ADOPTS** the R & R (Doc. 37) **in its entirety**, whereby the Court **DENIES** Dr. Chapman's Motion for Summary Judgment (Doc. 31).

**IT IS SO ORDERED**
**DATED: March 10, 2011**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**