UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

KENDEL W. McKINNEY,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Case No. 09-cv-723-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on Petitioner Kendel McKinney's (hereinafter "McKinney") Motion to Vacate, Set Aside or Correct Sentence (Doc. 1) pursuant to 28 U.S.C. § 2255. Respondent United States of America ("the Government") filed a Response (Doc. 7) thereto, to which McKinney submitted a Reply (Doc. 10).

For the following reasons, the Court **DENIES** the instant motion.

## BACKGROUND

On February 7, 2007, a grand jury indicted McKinney on two counts of knowingly and intentionally distributing less than 5 grams of crack cocaine in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(C). The Court thereafter appointed counsel to represent him. McKinney ultimately pleaded guilty to both counts of the indictment. Because of prior state court convictions, McKinney received an enhancement under 21 U.S.C. § 851 and was deemed a career offender. Based on an offense level of 31 and a criminal history category of VI, McKinney's sentencing range was 188 to 235 months. After considering the factors under 18 U.S.C. § 3553(a), the Court sentenced McKinney to 293 months of imprisonment, six years of supervised release, a $500 fine, and a $200 special assessment.

McKinney filed a direct appeal challenging his sentence. The Seventh Circuit Court of Appeals found the sentence to be reasonable and affirmed the judgment. McKinney did not file a petition for writ of certiorari with the United States Supreme Court.

On September 14, 2009, McKinney filed the instant motion, which presents two arguments. First, he alleges trial counsel was ineffective in failing to object to his criminal history category and investigate a prior conviction that made him eligible for the career offender guidelines. Second, McKinney alleges his guilty plea was involuntary and unknowing because counsel failed to explain the elements of § 851. McKinney contends that had he known the "true nature of § 851 application, and the definition of 'serious drug offense' he would have not pleaded guilty but would have requested a jury trial." Doc. 2, p. 14.

## ANALYSIS

I.      **Section 2255 Generally**

The Court must grant a § 2255 motion when a defendant's "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255 (2006). That said, "[h]abeas corpus relief under 28 U.S.C. § 2255 is reserved for extraordinary situations." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996). "Relief under § 2255 is available only for errors of constitutional or jurisdictional magnitude, or where the error represents a fundamental defect which inherently results in a complete miscarriage of justice." *Kelly v. United States*, 29 F.3d 1107, 1112 (7th Cir. 1994) (quotations omitted). A defendant cannot raise in a § 2255 motion constitutional issues that he could have but did not raise in a direct

appeal unless he shows good cause for and actual prejudice from his failure to raise them on appeal or unless failure to consider the claim would result in a fundamental miscarriage of justice. *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977); *Fountain v. United States*, 211 F.3d 429, 433 (7th Cir. 2000); *Prewitt*, 83 F.3d at 816.

The failure to hear a claim for ineffective assistance of counsel in a § 2255 motion is generally considered to work a fundamental miscarriage of justice because often such claims can be heard in no other forum. They are rarely appropriate for direct review since they often turn on events not contained in the record of a criminal proceeding. *Massaro*, 538 U.S. at 504-05; *Fountain*, 211 F.3d at 433-34. Further, the district court before which the original criminal trial occurred, not an appellate court, is in the best position to initially make the determination about the effectiveness of counsel in a particular trial and potential prejudice that stemmed from that performance. *Massaro*, 538 U.S. at 504-05. Ineffective assistance of counsel may be raised for the first time in a § 2255 motion even if the alleged conduct is fully reflected in the record and if the defendant had new counsel on appeal. *Id*. at 504.

## II.     Ineffective Assistance of Trial Counsel

To establish ineffective assistance of counsel, a defendant must show (1) performance below an objective standard of reasonableness by counsel and (2) actual prejudice resulting from that deficiency. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Under the performance prong, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. at 689. The defendant must show

"specific acts or omissions of counsel that he believes constituted ineffective assistance[,]" and the court must then determine "whether such acts or omissions fall outside the wide range of professionally competent assistance." *Wyatt v. United States*, 574 F.3d 455, 458 (7th Cir. 2009) (quoting *Coleman v. United States*, 318 F.3d 754, 758 (7th Cir. 2003)). To establish the prejudice prong, a defendant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Harrington v. Richter*, 131 S. Ct. 770, 787 (2011) (quoting *Strickland*, 466 U.S. at 694). A defendant must show more than a "conceivable effect on the outcome of the proceeding. *Id*. (quoting *Strickland*, 466 U.S. at 693). Rather, defendant must demonstrate that counsel's errors were "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id*. at 787-88 (quoting *Strickland*, 466 U.S. at 687).

Here, McKinney argues under the performance prong "that counsel was ineffective because he failed to investigate and research the application of the criminal history guidelines, and prior convictions applied in petitioner's case, which triggered a misinterpretation of his criminal history category." Doc. 3, p. 7. Assuming *arguendo* that counsel's performance was deficient, McKinney still fails to establish a resulting prejudice. McKinney does not argue that his prior sentences were incorrectly included under 21 U.S.C. § 851 to increase his sentence; in fact, at his change of plea hearing, McKinney confirmed the accuracy of the government's account of his previous convictions. Further, McKinney's contention that his counsel failed to research his convictions cannot establish an ineffective assistance of counsel claim without corresponding prejudice.

4

## III. Voluntariness of Plea

Next, McKinney contends that his plea was involuntary "where counsel advised him that his prior convictions qualified him under 21 U.S.C. § 851." Doc. 2, p. 8. Contract principles apply to a plea agreement. *United States v. Chapa*, 602 F.3d 865, 868 (7th Cir. 2010) (citing *United States v. Bownes*, 405 F.3d 634, 636 (7th Cir. 2005)). More precisely "[t]o determine if a defendant knew and understood the plea agreement, [courts] must examine the language of the plea agreement itself and also look to the plea colloquy between the defendant and the judge." *Id*. (citing *United States v. Woolley*, 123 F.3d 627, 632 (7th Cir. 1997)).

Here, McKinney essentially argues that his plea was not knowing because counsel failed to fully advise of the enhancement under § 851. Again, however, McKinney does not provide any support for the argument that his convictions did not qualify for the enhancement. During his change of plea hearing, McKinney acknowledged the convictions the government had used to support the enhancement and career offender status. At his sentencing hearing, McKinney acknowledged the presentence investigation report, which included the prior convictions supporting the enhancement and application of the career offender guidelines, was correct. Accordingly, McKinney demonstrated through his testimony that he understood the plea he entered into and cannot now claim his plea was unknowing.

The Court will not be entertaining McKinney's request for an evidentiary hearing because "the motion and the files and records of the case conclusively demonstrate that the

5

prisoner is entitled to no relief." § 2255.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** McKinney's Motion to Vacate, Set Aside, or Correct Sentence (Doc. 1) pursuant to 28 U.S.C. § 2255. Further, the Court **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED**
**DATED: July 25, 2011**

                                          s/ J. Phil Gilbert
                                          **J. PHIL GILBERT**
                                          **DISTRICT JUDGE**